IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN JORDAN, )<br>No. B52122, )<br> )<br>         **Plaintiff,** )<br> )<br>  vs. )<br> )<br>SGT. WELBORN, )<br>DR. TROST, )<br>DR. RITZ, )<br>MOLDENHAUER, )<br>M. THOMPSON, and )<br>JANA SOUTH, )<br> )<br>         **Defendants.** ) | Case No. 15-cv-00822-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Steven Jordan is an inmate currently housed in Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to his medical care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if

it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

In June 2014, according to the complaint, Plaintiff experienced an episode of heat stroke, lost consciousness, and fell to the floor of his cell. Sgt. Welborn arrived as Plaintiff was regaining consciousness. Despite exhibiting poor motor skills, affected speech, and disorientation, Welborn said he thought Plaintiff was "faking" symptoms and refused to get Plaintiff medical assistance—leaving Plaintiff in pain, lying on the floor.

Six days after he fell ill, Plaintiff was seen by Nurse Jana South. South concluded the bruises on Plaintiff's back came from being dragged, not from a fall, as Plaintiff had reported. Nevertheless, she gave Plaintiff two options: (1) she could refer him to see a doctor, which she considered unnecessary and, essentially, pointless; or (2) she could give Plaintiff ibuprofen and antibiotic ointment. Plaintiff opted for a referral to see a doctor, which angered Nurse South because it required reports to be written. Nurse South called Plaintiff names, refused to give him anything for his pain, and told him to leave.

Plaintiff was not seen by a doctor until he put in a sick call slip—taking approximately ten more days. Dr. Trost prescribed pain medication and physical therapy, but approximately five months passed without Plaintiff receiving therapy. Although Plaintiff was given medication, it was insufficient to control his pain. He complained to Dr. Trost, as well as Nurse South, Nurse Practitioner Moldenhauer, and Nurse Thompson, but he was not given more effective medication

because it would have cost more. Dr. Trost eventually referred Plaintiff for an MRI, but Menard Medical Director Dr. Ritz did not authorize an MRI or outside consultation; instead, insisting Plaintiff be treated at the prison in order to save money. Dr. Ritz did so without ever examining Plaintiff.[1]

Based on the allegations in the complaint, the Court recognizes the following overarching claim:

**Count 1: Defendants were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Thus, at this juncture, Plaintiff's initial disorientation, his speech and motor deficits, as well as his persistent pain, qualify as serious medical needs.

---

[1] Plaintiff's requests for a low bunk permit, a ladder and safety rail were all denied; as a result, Plaintiff fell and injured his shoulder. However, no named defendant is linked to those events. Any intended claims based on those events should be considered dismissed without prejudice.

Sgt. Welborn's apparently baseless belief that Plaintiff was faking disorientation and speech and mobility impairment could amount to deliberate indifference. And, relative to the five medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Furthermore, although the cost of alternative treatments can be considered, choosing a treatment known to be inadequate or ineffective will violate the Eighth Amendment. *See Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006); *Ralston v. McGovern,* 167 F.3d 1160, 1162 (7th Cir. 1999). Thus, at this early stage of the lawsuit, the complaint states a colorable Eighth Amendment claim against each of the six named defendants. Count 1 shall proceed.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1**, a medical indifference claim, shall **PROCEED** against Defendants **SGT. WELBORN, DR. TROST, DR. RITZ, NURSE PRACTITIONER MOLDENHAUER, NURSE M. THOMPSON, and NURSE JANE SOUTH**.

The Clerk of Court shall prepare for Defendants **SGT. WELBORN, DR. TROST, DR. RITZ, NURSE PRACTITIONER MOLDENHAUER, NURSE M. THOMPSON and NURSE JANE SOUTH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to

effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 19, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**