IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-822-NJR-DGW |
| | ) | |
| WILLIAM WELBORN, JOHN TROST, M.D., STEVEN RITZ, M.D., and JANA SOUTH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Leave to File Plaintiff's Second Amended Complaint filed by Plaintiff on March 14, 2016 (Doc. 76), the "Motion to Request that the Court be the Medium to Secure Affidavits" filed by Plaintiff on September 12, 2016 (Doc. 92), the Motion to Compel filed by Plaintiff on September 15, 2016 (Doc. 93), and the Motion for Extension of Time filed by Plaintiff on September 15, 2016 (Doc. 94).

The Motion to Amend is **GRANTED** (Doc. 76). Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires but may be denied if there is undue delay, futility, or prejudice. *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain

factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's proposed Second Amended Complaint adds some new facts and details regarding his single claim that he was denied adequate medical care following a fall on June 20, 2014.[1] While the proposed complaint splits Plaintiff's claims into three Counts, he is nonetheless proceeding on one count only, that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Defendants have filed no response to the Motion. Accordingly, the Clerk of Court is **DIRECTED** to docket Plaintiff's Second Amended Complaint, submitted on March 14, 2016, forthwith.

The "Motion to Request that the Court be the Medium to Secure Affidavits" is **DENIED** (Doc. 92). The Court cannot assist a party in acquiring evidence. The Court suggests that Plaintiff work through his counselor in order to acquire the affidavits from fellow inmates.

The Motion to Compel is **DENIED** (Doc. 93). Again, the Court cannot assist a party in acquiring evidence. Plaintiff must use the procedures outlined in the Federal Rules of Civil Procedure. That being said, Plaintiff seeks a copy of his medical records (from 2011 to 2016) which are maintained by the prison in which he is housed. While it is unclear how records prior to

---

[1] A ruling on this motion was purposefully delayed pending resolution of the Defendants' arguments that Plaintiff failed to exhaust his administrative remedies. Pursuant to an Order entered on July 28, 2016 (Doc. 84), Defendants Moldenhauer and Thompson were dismissed without prejudice for failure to exhaust. The proposed Second Amended Complaint only includes claims related to the remaining Defendants, Trost, South, Ritz, and Welborn.

Plaintiff's fall in 2014 are relevant to this matter, the Court notes that the Scheduling Order in this Matter directed Defendants to provide Plaintiff with his medical records provided Plaintiff sign a release and pay a copying fee that may be required. The Court assumes that Defendants have provided such medical records to Plaintiff. If not, Defendants shall provide the records within 15 days of the date of this Order. To the extent that Plaintiff seeks medical records prior to 2014, and they are not provided by Defendants, he may employ Rule 45 and subpoena those records from the custodian. The Clerk of Court is **DIRECTED** to send to Plaintiff one blank subpoena. Plaintiff shall fill out the form and submit it to the Court for consideration and to ensure that the subpoena power is not being abused. *See* FED.R.CIV.P. 26(b)(2)(C), 45(c); *Marozsan v. United States,* 90 F.3d 1284, 1290 (7th Cir. 1996). When Plaintiff submits the filled out form, he shall explain why medical records prior to his fall in 2014 are relevant to his claim.

Finally, the Motion for Extension of Time is **GRANTED** (Doc. 94). Plaintiff states that he cannot respond to Defendants' requests to produce and interrogatories because the information is "unattainable." Plaintiff is not required to produce documents that he does not possess or does not have access to. To the extent that a request to produce seeks such documents, Plaintiff should merely indicate that he does not have the documents in his possession. As to interrogatories, they are questions that require an answer; if Plaintiff does not know the answer, he should indicate as much in his response. Plaintiff should not wait to respond to Defendants' discovery requests until they respond to his discovery requests. Rather, Plaintiff should respond within 30 days as required by the Federal Rules. The discovery deadline is nonetheless extended to **November 4, 2016**.

**DATED: September 19, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**