IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-822-NJR-DGW |
| ) | |
| WILLIAM WELBORN, JOHN TROST,) | |
| STEVEN RITZ, and JANA SOUTH, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Plaintiff, an inmate currently housed at the Hill Correctional Center, is alleging one count of deliberate indifferent to his medical needs related to a fall at the Menard Correctional Center in June 2014. On October 19, 2015, a Scheduling Order was entered setting the discovery deadline for October 7, 2016 (Doc. 51). Defendants filed motions for summary judgment on exhaustion, which suspended discovery on the merits until their resolution on July 28, 2016 (Doc. 84). At Plaintiff's request, the discovery deadline was extended to November 4, 2016 (Doc. 95). Defendants have filed motions for summary judgment (Docs. 110 and 119) to which Plaintiff must respond by December 6, 2016 and January 9, 2017, respectively. Plaintiff seeks extension of these deadlines and an extension of the discovery deadline (Docs. 115, 116, 117, 118, and 123).

Plaintiff seeks relief in order to secure affidavits to respond to the motions for summary judgment (Doc. 115); seeks additional time to respond to Defendants' discovery requests (Doc. 116); seeks a 90 extension of all deadlines in order to secure witness affidavits, serve requests to admit, serve additional discovery requests, and to respond to Defendants' discovery requests (Docs. 117, 118); and he correspondingly seeks an extension of the response deadline to the

summary judgment motions (Docs. 123). Defendants Trost, Ritz, and South generally object, noting that Plaintiff has provided no details of why the discovery would be relevant to a response to their pending motion.

The Court has considered Plaintiff's well-written motions and the response and finds that a short extension of time will serve the interests of justice. The original discovery deadline, even with the extension to November 4, 2016, allowed only a little over 3 months to conduct merits discovery, a period of time that would be difficult for even a seasoned attorney to comply with. Plaintiff appears to have been diligently pursuing discovery but has been stymied because of his incarceration and for reasons beyond his control. While motions for summary judgment are pending, a short delay cannot prejudice Defendants in any significant manner.

Therefore, the discovery deadline is extended to **March 3, 2017.** Plaintiff should complete discovery within that deadline because it is unlikely to be moved in the future.[1] Plaintiff's responses to the pending motions for summary judgment (Docs. 110 and 119) are due by **March 31, 2017**. The status conference set for February 15, 2017 is hereby **CANCELLED**. The final pretrial and trial dates may be reset by separate entry.

In light of the foregoing, the Motion for Extension of Time (Doc. 115) is **MOOT**, the Motion for Extension of Time (Doc. 116) is **MOOT** (Plaintiff has responded to the discovery requests), the Motion for Extension of Time (Doc. 117) is **GRANTED IN PART** as provided

---

[1] Part of the reasoning for Plaintiff's request for more time is to secure the affidavits of three inmates. The Court notes that this is a deliberate indifference to medical care case: inmate witnesses are unlikely to provide any relevant testimony regarding Plaintiff's medical condition and the treatment thereof. If these witnesses are merely sought in order to bolster Plaintiff's own first-hand knowledge, they may be unnecessary. Finally, it is unlikely that jail officials will volunteer information about the location of other inmates in light of security concerns. If Plaintiff believes that these witnesses will provide relevant and necessary information in order to support his claim, and he is unable to acquire their affidavit, he should seek recruitment of counsel. In doing so, however, Plaintiff should indicate what he believes these witnesses would testify about in order for the Court to determine whether they are necessary.

above, the Motion for Extension of time (Doc. 118) is **GRANTED IN PART**, and the Motion for Extension of Time (Doc. 123) is **GRANTED IN PART**.

**DATED: December 27, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**