IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN JORDAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:15-cv-822-NJR-DGW |
| WILLIAM WELBORN, JOHN TROST, M.D., STEVEN RITZ, M.D., and JANA SOUTH, | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Defendants filed motions for summary judgment on November 4, 2016 and December 6, 2016 (Docs. 110 and 119). During that same time period, Plaintiff filed various discovery related motions seeking an extension of the discovery deadline in order to secure written responses to discovery requests, among other things (Doc. 124). This Court extended the discovery deadline to March 3, 2017 to accommodate that discovery. Also, in considering Plaintiff's motions, this Court directed Plaintiff to seek recruitment of counsel if he is unable to secure the necessary discovery. Plaintiff now seeks recruitment of counsel, in addition to extensions of time and orders compelling discovery responses. Plaintiff also has filed responses to the pending dispositive motions (although he does argue that adequate discovery has not been completed) (Docs. 156 and 157).

Plaintiff's amended complaint alleged that he was provided insufficient medical care after a fall in June 2014 while he was incarcerated at the Menard Correctional Center. He claimed that after the fall and subsequent loss of consciousness, Defendant Welborn ignored his need for medical care, Defendant South failed to refer him to a doctor or otherwise treat him, and Drs. Trost

and Ritz failed to provide adequate medical care thereafter. Plaintiff is proceeding on only one count, that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

The Court will first address Plaintiff's motions to compel (Docs. 137-142). Federal Rule of Civil Procedure 26 provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." The Court has carefully reviewed Plaintiff's motions to compel and finds that most of the requests seek information irrelevant to this matter. For example, Defendants' involvement in prior lawsuits, past disciplinary reports, and actions by other inmates are irrelevant to whether they were deliberately indifferent to Plaintiff's medical needs in June 2014 (Doc. 137, pp. 1-2, 7). Defendants likewise are not required to produce documents that are not in their possession or that would pose a security risk if disseminated to inmates (without a necessary protective order) (*Id*. pp. 3-4). Defendants are not required to create evidence, for example photographic evidence (*Id*. pp. 4-5). And, Defendants are not required to produce broad categories of policies (i.e. "Wexford's policies and procedures regarding disciplinary proceedings for employees" and "Wexford's contract with IDOC") that are neither relevant nor limited in scope (*Id*. 5-6, 9).[1]

This particular lawsuit is limited both in time and scope and Plaintiff's discovery requests ignore that limitation. The requests are not proportional to the needs of this case; rather, Plaintiff appears to be on a fishing expedition to somehow expose nefarious policies that are not related to this matter. Plaintiff's discovery requests should have been limited to the facts of this case and not on wide-ranging topics such as Wexford's (who is not a defendant herein) relationship with the Illinois Department of Corrections, Wexford's policies regarding general medical care,

---

[1] The Court has cited to Plaintiff's first motion to compel; however, each of Plaintiff's motions contains these broad categories of requests that are either improper, irrelevant, or not proportional to the needs of this case.

Defendants' past history and treatment of other inmates, and questions about hypothetical patients and ailments. None of these types of interrogatories, requests to produce, or request for admissions furthers or develops the facts of this case.

Plaintiff has filed two motions with respect to Defendant Welborn (who has failed to respond to one of them, Doc. 150). A majority of Document 150 seeks discovery of the type discussed above and additional responses will not be required. Plaintiff also, however states that he served requests to produce on January 13, 2017 to which Welborn did not respond. These documents include polices regarding medical care, other inmates' cumulative counseling summaries, previous lawsuits against Welborn, protocols regarding the storage and retention of electronic data (like a videotape), training documents, documents related to conversations about Plaintiff and this suit, list of people who helped him in responding to the requests, and location information on other inmates. Most of these categories of information are not relevant and will not be compelled. The only relevant request is for documents that Defendant generated related to Plaintiff and this lawsuit. Defendant shall provide such documents within five (5) business days of the date of this Order (this deadline will not be extended) and file a notice thereof (whether or not such responsive documents exist).

In the second motion (Doc. 151), Plaintiff states that he served requests to admit upon Welborn on January 13, 2017 but that he failed to respond. In response to the motion, Welborn filed a motion to withdraw his admissions, in part because of a puzzling misreading of Local Rule 26(b)(1) (Doc. 158) . The failure to timely respond to requests to admit automatically renders the matters admitted. FED.R.CIV.P. 36(a)(3). Defendants can avoid this harsh result by moving to withdraw their admissions. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). "A court, in its discretion, may permit a party to rescind admissions when doing so better serves

the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). There has been no prejudice in this matter because no party has relied on the admissions.

The remaining motions are disposed of as follows: Plaintiff's request for counsel is **DENIED** (Doc. 126). Plaintiff has now responded to the dispositive motions and his responses show that he is capable of prosecuting this matter without the assistance of counsel. Moreover, no additional discovery will be allowed in this matter (except as noted above and below). The witnesses that Plaintiff seeks to depose (or acquire a statement from) were his cellmate and two others who witnessed his fainting spell on June 20, 2014 (Doc. 126, p. 3). These witnesses would testify that Defendant Welborn told Plaintiff that he was "faking" the medical condition. Plaintiff testified to this statement (Doc. 120-2, p. 30) and the additional witnesses add no new information.

Plaintiff's request for additional interrogatories and requests to admit are **DENIED** (Doc. 135). Plaintiff does not attach a copy of the additional discovery he seeks to propound. In any event, additional discovery would not be proportional to the needs of this case. As noted above, this is a simple matter involving one incident of deliberate indifference. The matter is neither complicated nor should discovery extend much further than the medical record and the statements of the parties. It is unlikely that additional discovery requests would glean any additional relevant information. With this finding in mind, Plaintiff's motion for continuance is **DENIED** (Doc. 148).

Finally, Defendants' motion for protective order is **GRANTED** (Doc. 129). The Court has considered the motion and Plaintiff's response and finds that the marginal relevance of the policies and procedures that Plaintiff seeks warrants the limitation included in the proposed protective order. The protective order will be docketed by separate entry.

In light of the foregoing, Defendants shall produce documents, subject to the protective order and responsive to a discovery request, to Plaintiff within 30 days of the date of this Order. As indicated above, Defendant Welborn shall provide documents, related to Plaintiff's request for documents Defendant generated related to Plaintiff and this lawsuit, within five (5) business days of the date of this Order. Plaintiff is permitted, within 45 days of this Order to supplement his responses to the motions for summary judgment. Any such supplement shall be no longer than 5 pages and shall not repeat arguments already made. These deadlines will not be extended.

For the foregoing reasons, motions 126, 135, 137, 138, 139, 140, 141, 142, 148, 151 are **DENIED**. Motions 129 and 158 are **GRANTED**. And, motion 150 is **GRANTED IN PART and DENIED IN PART** as set forth above. To the extent that the Court has not specifically addressed arguments or requests, those are hereby **DENIED**.

**DATED: June 13, 2017**

					*Donald Wilkerson*

					**DONALD G. WILKERSON**
					**United States Magistrate Judge**