IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN JORDAN,                )
                              )
    Plaintiff,              )
                              )
v.                            )   Case No. 3:15-cv-822-NJR-DGW
                              )
WILLIAM WELBORN, et al.,      )
                              )
    Defendants.             )

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the motion to reconsider filed by Plaintiff on July 5, 2017 (Doc. 167). The motion is **GRANTED**. The June 13, 2017 Order (Doc. 161) is **VACATED IN PART** as to the ruling on the Motion to Withdraw (Doc. 158). The Clerk of Court is **DIRECTED** to reinstate the motion to withdraw as pending.

### INTRODUCTION

Plaintiff filed his motion pursuant to Federal Rule of Civil Procedure 59(e) which only applies to motions for a new trial and motions to alter or amend judgments – neither a trial nor a judgment have been rendered in this matter. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 60, also dealing with final judgments and orders, does not apply to Plaintiff's motion. Indeed, there is no Rule of Civil Procedure that permits a "motion to reconsider." *See GHSC Associates Ltd. Partnership v. Wal-Mart Stores, Inc.*, 29 Fed.Appx. 382, 384 (7th Cir. 2002). Plaintiff also has not invoked Rule 72(a) which would signal review by the District Court.

Nonetheless, a court has inherent authority to reconsider interlocutory orders. *See Caine v. Burge*, 897 F.Supp.2d 714, 716 (N.D. Ill. 2012). Defendants have not responded to Plaintiff's

motion. This Court now takes this opportunity to correct errors made in the June 13, 2017 Order. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191-2 (7th Cir. 1990).

## BACKGROUND

On January 13, 2017, Plaintiff served requests to admit upon Defendant Welborn to which he did not respond within 30 days, the time limit set forth in Federal Rule of Civil Procedure 36. On March 21, 2017, Plaintiff filed a motion to deem the matters admitted in light of the lack of response (Doc. 151). In response to the motion, Defendant sought to have the admissions withdrawn (Docs. 158, 159). In an Order on the motions, this Court permitted the admissions to be withdrawn (Doc. 161) but did so erroneously. As set forth below, Defendant may not be entitled to have the admissions withdrawn.

## DISCUSSION

In his memorandum (Doc. 159), Defendant argued that he was not required to respond to Plaintiff's request to admit because he did not file them as required by Local Rule 26.1(b)(1). This argument is not puzzling but it is based on an unresolved conflict between this Court's Local Rules and the Federal Rules of Civil Procedure. While this Court can require strict compliance with Local Rules, even from *pro se* parties, s*ee Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) ("We have routinely upheld the district court's discretion in requiring parties to comply strictly with local rule requirements."), lack of compliance with the Local Rules should not have caused Defendant to fail to respond to requests to admit.

Federal Rule of Civil Procedure 5(d) states:

Any paper after the complaint that is required to be served -- together with a certificate of service – must be filed within a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses *must not be filed* until they are used in the proceeding or the court orders

> filing: depositions . . . and requests for admission.

(emphasis added)

In contrast, Local Rule 26.1(b)(1) directs parties to file with the Clerk of Court requests to admit and their responses. The Local Rule appears to directly contradict the Federal Rule and is contrary to the purposes of Rule 5(d). *See Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir. 1991) ("Local Rules are valid only to the extent they are consistent with the national rules."), *overruled on other grounds by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015); FED.R.CIV.P. 83(a)(1) (Local Rules "must be consistent with – but not duplicate – federal statutes and rules . . . ."). According to the Advisory Committee Notes to the 2000 Amendment, "[t]he rule supersedes and invalidates local rules that forbid, permit, or require filing of these materials before they are used in the action." The avowed purpose is to reduce the cost of storing documents that may be unnecessary in litigation and to provide uniformity among each of the District Courts. Therefore, Defendant's reliance on Plaintiff's failure to file his request to admit, as an excuse to not timely respond, was in error.

As set forth previously, the failure to timely respond to requests to admit automatically renders the matters admitted. FED.R.CIV.P. 36(a)(3). Defendants can avoid this harsh result by moving to withdraw their admissions. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). "A court, in its discretion, may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). In their motion to withdraw, Defendants state that Plaintiff would suffer no prejudice and the interests of justice require that this matter be resolved on the merits (Doc. 158). They state that Plaintiff has neither filed his own motion for summary judgment, "nor has

Plaintiff relied on these admissions in his response to Defendant Welborn's Motion for Summary Judgment" (Doc. 159, p. 3). The Court previously accepted this version of the record on ruling on Defendant's motion to withdraw. However, this second statement is inaccurate.

In his response to Defendant's motion for summary judgment (Doc. 157), Plaintiff in fact attached the requests to admit as Exhibit D and referred to them on pages 12-14 of his brief when discussing Defendant's state of mind. Plaintiff has relied on the admissions in arguing that this matter should go to trial. And, he may now be prejudiced if the admissions are withdrawn at this late stage of the proceedings. Plaintiff can conduct no further discovery to support his claims (as set forth in the June 13, 2017 Order), the discovery deadline having expired on March 3, 2017 and dispositive motions having been filed.

The contents of the request to admit are related to the issue of whether Defendant is entitled to summary judgment – an issue that is not before the undersigned. And, because the requests are referred to in response to Defendant's motion, it is more efficient for their admissibility, relevance, and weight to be determined by the District Court.

## CONCLUSION

For the foregoing reasons, the motion to reconsider filed by Plaintiff on July 5, 2017 (Doc. 167) is **GRANTED**. The June 13, 2017 Order (Doc. 161) is **VACATED IN PART** as to the ruling on the Motion to Withdraw (Doc. 158). The Clerk of Court is **DIRECTED** to reinstate the motion to withdraw (Doc. 158) as pending.

**DATED: August 22, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**