# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STEVEN JORDAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 3:15-cv-822-NJR-DGW |
| WILLIAM WELBORN, JOHN TROST, M.D., STEVEN RITZ, M.D., and JANA SOUTH, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the motion for summary judgment filed by Defendant William Welborn on December 6, 2016 (Doc. 119), and the motion to withdraw admissions filed by Welborn on April 4, 2017 (Doc. 158). For the reasons set forth below, the motion for summary judgment is granted, and the motion to withdraw is denied.

### INTRODUCTION

Plaintiff Steven Jordan, an inmate currently confined at the Hill Correctional Center, is proceeding on a second amended complaint (Doc. 96) filed pursuant to 42 U.S.C. § 1983. His claim relates to a fall that occurred on June 20, 2014, while he was housed at the Menard Correctional Center. On that day, Jordan claims that he passed out in his cell and fell, and that Sergeant Welborn did not summon medical care. When he saw Nurse South and Dr. Trost a few days later, they did nothing meaningful to

address his pain. He further claims Dr. Ritz failed to approve necessary diagnostic testing, contributing to his prolonged pain and suffering. Jordan is proceeding on one count alleging that each Defendant was deliberately indifferent to his serious medical needs (Doc. 95). Defendants Ritz, South, and Trost filed a separate motion for summary judgment (Doc. 110).

After Welborn filed his motion for summary judgment, Jordan sought additional time to respond and filed a flurry of discovery motions. Jordan then filed a response to Welborn's motion on April 3, 2017 (Doc. 157). In that response, Jordan cited to requests to admit that Welborn had failed to timely answer. Welborn filed a motion to withdraw his admissions the following day, April 4, 2017 (Doc. 158).

All discovery motions were resolved in an Order issued by Magistrate Judge Wilkerson dated June 13, 2017 (Doc. 161). In that Order, Welborn was permitted to withdraw his admissions. Magistrate Judge Wilkerson later reconsidered his ruling, however, and reinstated Welborn's motion to withdraw his admissions (Doc. 169). Therefore, now pending before the Court are Welborn's motion for summary judgment and his request to withdraw his admissions. To the extent that Jordan seeks additional discovery, his request is denied.

A. **Motion to Withdraw Admissions**

On January 13, 2017, Jordan served requests to admit that Welborn failed to answer within the thirty days allowed by Federal Rule of Civil Procedure 36(a)(3). Therefore, the matters were deemed admitted by operation of the Federal Rules. This harsh result can be avoided by withdrawing the admissions. *Kalis v. Colgate-Palmolive*

*Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). "A court, in its discretion, may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). In his motion to withdraw, Welborn argues that Jordan would suffer no prejudice and the interests of justice required that this matter be resolved on the merits (Doc. 158). He notes that Jordan has neither filed his own motion for summary judgment, "nor has Plaintiff relied on these admissions in his response to Defendant Welborn's Motion for Summary Judgment" (Doc. 159, p. 3).

Welborn has filed a motion for summary judgment, which indicates he believes he has a meritorious defense to Jordan's claim and that this matter would benefit from an analysis of the record evidence rather than unintentional admissions. While permitting Welborn to withdraw his admissions would better serve the presentation of the merits of this case, Welborn has failed to show how Jordan is not prejudiced. In his response to Welborn's motion for summary judgment (Doc. 157), Jordan did, in fact, attach the requests to admit as Exhibit D and referred to them on pages 12-14 of his brief when discussing Welborn's state of mind, an element integral to a deliberate indifference claim. Jordan has relied on the admissions in arguing that this matter should go to trial. Jordan can conduct no further discovery to support his claims (as set forth in the June 13, 2017 Order), the discovery deadline having expired on March 3, 2017, and dispositive motions having been filed.

Welborn's excuse for failing to respond also is weak. He states he did not respond because Jordan did not comply with Local Rule 26.1(b)(1). The Court is unaware of any rule of law that would permit one party to ignore the Federal Rules of Civil Procedure merely because another party does not comply with a Local Rule. Welborn's motion to withdraw admissions is accordingly denied. To the extent that Jordan's requests to admit relate to "facts, the application of law to fact, or opinions about either," they conclusively establish the same.

**B.      Motion for Summary Judgment**

The facts relating to Jordan's medical care are detailed in this Court's Order on Defendants Ritz, South, and Trost's motion for summary judgment. Therefore, only facts relevant to Jordan's claim against Welborn are set forth here.

Welborn, a correctional sergeant at the time, was on duty in Jordan's cellhouse on the night of the incident but does not recall the actual incident (Doc. 120-1, p. 2). On that night, June 20, 2014, Jordan was at his sink when he "fainted and fell to the floor of my cell, hitting [his] head, and hurting [his] back and shoulders" (Doc. 157-2, p. 2). Jordan's cellmates "pounded on the bars and called for help," and Welborn arrived outside the cell bars (*Id*.). Welborn told Jordan to get up. When Jordan tried but could not, Welborn told him that he was "faking" (*Id*.). When Jordan said he could not get up, Welborn directed another inmate to drag him to the bars (Jordan's cell was eight-feet long) (*Id*.; Doc. 120-1, p. 2). The cellmate only "partially complied" (*Id*.). Welborn did not take Jordan to the healthcare unit but did tell him he would "drop a sick call slip" for him (Doc. 157-2, p. 2). Jordan then fell asleep (*Id*. at p. 3). He received no further

medical care from either a nurse making rounds early the next morning or from other correctional officers who made rounds every thirty minutes throughout the night (Jordan was sleeping at the time these rounds were made) (Doc. 120-1, p. 3).

Welborn has no medical training, except for CPR and First Aid, and did not examine Jordan or open his cell door (Doc. 157-1, ¶ 1, 2, 5). In fact, Welborn "made the determination that the plaintiff's fall, and subsequent condition was not a 'medical emergency' from outside the cell . . . without ever even touching the plaintiff" (*Id*. ¶ 6). Welborn had "no direct knowledge of whether the Plaintiff's spine was injured or not, . . . or not injured enough to warrant a call to medical personnel qualified to administer medical care . . . ." (*Id*. ¶ 16). Jordan was diagnosed with low back pain and began receiving medical care for his back condition on June 26, 2016, six days after his fall.

### STANDARD

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

## Discussion

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, a plaintiff must show first that his condition was "objectively, sufficiently serious" and second that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted).

The following circumstances could constitute a serious medical need: "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d

1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie Cnty.*, 394 F.3d 510, 512-513 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

A prisoner must also show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Put another way, a plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (citations omitted).

A plaintiff does not have to prove that his complaints of pain were "literally ignored," but only that "the defendants' responses to it were so plainly inappropriate as

to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). "Even if a defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 843).

Welborn first argues that Jordan did not have a serious medical need and focuses on the subsequent care that Jordan received, as well as Jordan's actions after his fall. This focus is misplaced. Rather, the situation as it was presented to Welborn is relevant: whether Jordan had a condition that was "so plainly trivial or insignificant as to be outside the domain of Eighth Amendment concern" or whether he presented with a condition that was so obvious that "even a lay person would easily recognize the necessity of a doctor's attention." *Gutierrez*, 111 F.3d at 1372-3 (citations and quotation marks omitted). Welborn did not see Jordan fall. The evidence reveals, however, that he saw Jordan on the floor and unable to get up by himself. Certainly, such a condition is sufficiently serious to warrant the attention of medical personnel.

Nevertheless, Jordan's claim ultimately fails on the subjective prong. As set forth in his admissions and based on his comments at the time, Welborn believed Jordan was faking his injury or that Jordan's condition was not a medical emergency warranting immediate relief. Thus, there is evidence that Welborn did not draw the inference that a substantial risk of harm existed. *See Zaya v. Sood*, 836, F.3d 800, 804-5 (7th Cir. 2016) ("The requirement of subjective awareness stems from the Eighth Amendment's prohibition of cruel and unusual *punishment; 'an inadvertent* failure to provide medical

care cannot be said to constitute "an unnecessary and wanton infliction of pain.'" (emphasis in original) (quoting *Estelle*, 429 U.S. at 105)). Furthermore, Welborn also did not simply ignore Jordan's needs. *See Gayton v. Mccoy*, 593 F.3d 610, 623-4 (7th Cir. 2010). Instead, he told Welborn he would submit a medical request slip. Jordan's own evidence reveals that Welborn lacked the requisite state of mind, i.e., deliberate indifference.[1] Because the Court finds Welborn was not deliberately indifferent, it need not address Welborn's argument that he is entitled to qualified immunity.

## Conclusion

For the reasons set forth above, the motion for summary judgment filed by Defendant William Welborn on December 6, 2016 (Doc. 119) is **GRANTED**, and the motion to withdraw admissions filed by Welborn on April 4, 2017 (Doc. 158) is **DENIED**. The Clerk of Court shall enter judgment for Defendant Welborn and against Plaintiff Steven Jordan. Because no claims remain in this matter, this action is **DISMISSED**, and the Clerk is **DIRECTED** to close this matter.

IT IS SO ORDERED.

DATED: September 18, 2017

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] Jordan has presented evidence that Welborn directed another inmate to drag him across the cell floor. Such a claim does not implicate a failure to provide medical care. There is no showing that any abrasion Jordan may have suffered was a serious medical condition.